UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL F.,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:19-cv-06060-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ erred in assessing the medical evidence, discounting his testimony, and entering erroneous findings at step five.[1] Dkt. 12 at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

//

---

[1] Plaintiff challenges the ALJ's assessment of his residual functional capacity ("RFC"), but the argument rests on arguments made elsewhere. Dkt. 12 at 17. Plaintiff also withdrew his challenge to the ALJ's assessment of lay evidence. Dkt. 16 at 9. Thus, these assignments of error need not be discussed further.
    In addition, because this case must be remanded as explained *infra* to permit the ALJ to reconsider medical opinion evidence, the Court need not address Plaintiff's arguments regarding step five because an error occurred at an earlier step in the sequential evaluation.

ORDER REVERSING AND REMANDING - 1

## BACKGROUND

Plaintiff is currently 49 years old, has an 8th-grade education and a GED, and has worked as a sawmill worker, sawyer, industrial truck operator, and salvage laborer. Tr. 34, 48. In July 2017, he applied for benefits, alleging disability as of April 29, 2014. Tr. 227-39. His applications were denied initially and on reconsideration. Tr. 149-55, 161-66. The ALJ conducted a hearing in September 2018 (Tr. 43-90), and subsequently found Plaintiff not disabled. Tr. 21-36. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-7.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff had the following severe impairments: degenerative disc disease, bursitis, degenerative joint disease, heel spur, elbow abnormalities, carpal tunnel syndrome, right shoulder abnormalities, epicondylitis, obesity, sciatica, and status post hernia repair.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**RFC:** Plaintiff can perform sedentary work with additional limitations: he cannot climb ladders, ropes, or scaffolds. He can occasionally stoop, kneel, crouch, and crawl. He can frequently balance and climb ramps or stairs. He can occasionally handle, finger, or feel. He can occasionally reach overhead and frequently reach in other directions. He cannot have concentrated exposure to hazards or extreme cold.

**Step four:** Plaintiff cannot perform his past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 21-36.

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING AND REMANDING - 2

**DISCUSSION**

**A.     Medical evidence**

Plaintiff challenges the ALJ's assessment of several medical opinions, each of which the Court will address in turn.

### 1.     Keith Birchard, M.D.

Dr. Birchard performed Plaintiff's carpal tunnel release surgeries in 2012 and completed a DSHS form opinion in July 2015 describing Plaintiff's symptoms and limitations. Tr. 1259-61. Dr. Birchard opined Plaintiff's conditions rendered him unable to "do repetitive movement or lift/push/carry/pull heavy objects[.]" Tr. 1259. Dr. Birchard found Plaintiff could perform sedentary work and should be retrained to perform a job that is not as hard on his arms. Tr. 1260. The ALJ found this evidence persuasive on the grounds it is consistent with evidence showing repetitive use of Plaintiff's arms is problematic, but he "could perform a range of abilities on an occasional basis." Tr. 31.

Plaintiff argues the ALJ erred in purportedly crediting Dr. Birchard's opinion but failing to include a restriction against repetitive activity in the RFC assessment. Dkt. 12 at 5. According to Plaintiff, the ALJ erred in failing to recognize that even occasional handling and fingering could still involve repetitive movement. *Id*. The Commissioner contends "repetitive movement" is a term open to interpretation, and the ALJ reasonably interpreted it to be consistent with other parts of Dr. Birchard's opinion wherein he opined that Plaintiff was capable of lifting or carrying items up to 10 pounds frequently. Dkt. 13 at 5-6.

The Commissioner's argument is unpersuasive. Dr. Birchard's opinion that Plaintiff could lift or carry lightweight items frequently does not necessarily imply anything about the manner in which he could lift or carry them, but only refers to the amount of weight and the

ORDER REVERSING AND REMANDING - 3

frequency of activity.  This portion of Dr. Birchard's opinion does not imply anything about whether the lifting or carrying would be performed repetitively, however, and it is precisely the *repetitive* nature of the activity that Dr. Birchard prohibited.  Although the ALJ emphasized Dr. Birchard's opinion suggests Plaintiff's manipulative limitations were not work-preclusive (Tr. 31), this statement does not explain why the ALJ failed to include a restriction on repetitive movements, because an RFC must describe all of a claimant's limitations, even if they would not preclude work.  *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (holding that an RFC assessment must include all of the claimant's functional limitations supported by the record).  Because the ALJ's RFC assessment does not account for Dr. Birchard's prohibition on repetitive movements, the ALJ's RFC assessment is erroneous.  *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

This error could be harmless if none of the jobs identified at step five required any repetitive movements, but the Court cannot determine this with certainty because the Dictionary of Occupational Titles does not address whether a job requires repetitive movement, and the vocational expert was not asked about this issue at the hearing.  Thus, this case must be remanded for the ALJ to reconsider Dr. Birchard's opinion and obtain additional vocational testimony, if necessary.

        **2.**      **Sarah Landrum, M.D.**

Plaintiff's treating physician, Dr. Landrum, completed several form opinions in connection with Plaintiff's workers' compensation claim, indicating Plaintiff's work restrictions or making recommendations.  Tr. 764, 1356, 1368.  The Court will address each of Dr.

Landrum's challenged opinions in turn.

### a. December 2015

In December 2015 Dr. Landrum opined Plaintiff could never forcefully grasp or lift more than 10 pounds with his left hand, and could seldom crawl or keyboard, flex, extend the wrist, or engage in fine manipulation on the left. Tr. 1356. The ALJ found this opinion unpersuasive because it was inconsistent with testing showing normal grip strength in both hands (Tr. 1355), treatment notes showing Plaintiff could occasionally grasp (but not repetitively) (Tr. 1259-60), as well as inconsistent with Dr. Landrum's opinion provided shortly thereafter, which the ALJ characterized as concluding that Plaintiff had no impairment caused by his left medial and lateral epicondylitis (Tr. 1367).

Plaintiff points to some treatment notes that he contends support Dr. Landrum's opinion (Dkt. 12 at 6 (citing Tr. 660-61)), but does not establish the ALJ erred in characterizing the record as inconsistent with Dr. Landrum's opinion, given the other evidence of record. Plaintiff also contends Dr. Landrum's opinion regarding the degree of his impairment for purposes of workers' compensation is irrelevant, because the workers' compensation opinion addressed only Plaintiff's impairments and limitations caused by his work injury. Dkt. 12 at 6. The ALJ acknowledged the limited scope of workers' compensation evaluations, however, and focused on the objective findings contained within the evaluation, specifically Plaintiff's full strength and normal range of motion. Tr. 33 (referencing Tr. 1362-63). Furthermore, the workers' compensation evaluator opined "it would be appropriate for [Plaintiff] to continue work in a light-duty capacity" (Tr. 1363), which could be construed as inconsistent with the restrictions described by Dr. Landrum in December 2015. Plaintiff has not shown the ALJ erred in pointing to evidence inconsistent with Dr. Landrum's opinion in discounting its persuasiveness.

1                            **b.**      **April 2016**

2       In April 2016, Dr. Landrum opined Plaintiff could not lift more than 10 pounds with his

3 left arm, and he had "no changes" in his other limitations. Tr. 1368. The ALJ found this opinion

4 to be unpersuasive because it was inconsistent with Plaintiff's physical therapist's opinion

5 rendered after extensive testing. Tr. 33 (citing Tr. 1347). The ALJ found if Dr. Landrum meant

6 by "no changes" she was reaffirming her December 2015 opinion, that reaffirmation was

7 inconsistent with her endorsement of the January 2016 workers' compensation opinion

8 indicating Plaintiff had no impairment. Tr. 34. The ALJ also found Dr. Landrum's

9 contemporaneous treatment notes did not support her findings in her April 2016 opinion. Tr. 33-

10 34 (referencing Tr. 1086-89).

11       Plaintiff argues the ALJ erred in failing to acknowledge Dr. Landrum's opinion was

12 informed by her longitudinal treatment relationship with Plaintiff (Dkt. 12 at 6), but this

13 argument fails to account for the April 2016 treatment notes the ALJ referenced, wherein Dr.

14 Landrum recorded Plaintiff's reported elbow pain of 2/10 severity that flared with physical

15 activity. Tr. 1086-89. These contemporaneous treatment notes do not support the severe

16 restrictions indicated by Dr. Landrum in her form opinion, and thus Plaintiff has failed to show

17 that the ALJ erred in discounting Dr. Landrum's opinion as inconsistent with the record.

18                          **c.**      **April 2017 letter**

19       At Plaintiff's request, Dr. Landrum wrote a letter describing her "recommendations on

20 work restrictions": "I recommend he avoid lifting more than 10-20 lbs with his left arm.

21 Forceful grasping with the left hand should be seldom. I recommend a job that will allow

22 frequent position changes." Tr. 764. The ALJ did not discuss this letter.

23

ORDER REVERSING AND REMANDING - 6

The Commissioner argues because Dr. Landrum wrote this letter in the form of recommendations, any error in the ALJ's failure to address it is harmless. Dkt. 13 at 8. The Court agrees because an ALJ is not required to account for merely recommended accommodations in an RFC assessment, the ALJ did not harmfully err in failing to explicitly discuss Dr. Landrum's April 2017 letter. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (finding that an ALJ may reasonably decline to adopt the opinion of a physician "offered as a recommendation, not an imperative").

**3.     Kirk Danielson, M.D.**

Dr. Danielson completed form opinions in 2018 as well as an undated form opinion describing Plaintiff's work restrictions. Tr. 1237-44, 1245-47, 1255-58. The ALJ summarized all of these opinions and found the July 2018 opinion was not persuasive because it described manipulative limitations that were short-lived and inconsistent with the longitudinal record from 2015 to April 2018, and the opinion that Plaintiff would be off-task more than 30% of a workday was not supported by any reasoning or treatment observation and Dr. Danielson himself indicated that a functional evaluation was needed for a "better estimate." Tr. 31-32, 1247.

Plaintiff challenges the ALJ's assessment of Dr. Danielson's July 2018 opinion (Tr. 1245-47), arguing Dr. Danielson's opinion was based on his longstanding treating relationship and is consistent with his overall clinical findings. Dkt. 12 at 10. This argument fails to address the ALJ's specific reasons for discounting Dr. Danielson's opinion, and thus Plaintiff fails to meet his burden to show harmful legal error in the ALJ's assessment of Dr. Danielson's opinion. Plaintiff's pointing to August 2018 physical therapy notes and 2019 evidence submitted to the Appeals Council also does not show the ALJ erred in finding Dr. Danielson's July 2018

manipulative restrictions to be inconsistent with the treatment notes for the majority of the adjudicated period.

**B.     Plaintiff's testimony**

The ALJ summarized Plaintiff's testimony and explained he discounted them because (1) the objective evidence is inconsistent with the degree of limitation Plaintiff alleges, and (2) Plaintiff's activities are inconsistent with the degree of limitation Plaintiff alleges with respect to pain and grip deficits.  Tr. 26-30.  Plaintiff argues the ALJ's reasoning is not clear and convincing, as required in the Ninth Circuit.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

With respect to the objective evidence, Plaintiff contends the ALJ failed to identify any specific inconsistencies.  Dkt. 12 at 12-13.  Plaintiff is incorrect.  The ALJ pointed to several normal test results as to strength, sensation, range of motion, and gait.  Tr. 27-29.  Evidence of some degree of normal test results indeed contradicts Plaintiff's allegations of severe restrictions as to walking, standing, and lifting.

Furthermore, the ALJ cited various activities that contradict Plaintiff's allegations.  For example, Plaintiff was solely responsible for his two young children while his wife worked, which involved playing games and helping the children with schoolwork, and the ALJ also cited Plaintiff's ability to manage household chores.  Tr. 29-30.  These activities are reasonably inconsistent with Plaintiff's self-reported inability to walk no farther than two blocks, stand for only 10 minutes at a time, and lift no more than 10 pounds.  Tr. 26.

The ALJ also noted although Plaintiff testified that he has no grip, and the evidence showed he had some grip deficits, that "it is the repetitive nature of grip activities that becomes problematic."  Tr. 30.  As discussed *supra*, the ALJ's RFC assessment does not preclude

ORDER REVERSING AND REMANDING - 8

repetitive grip activities, given that a restriction to occasional manipulative activities does not necessarily exclude repetitive manipulative activities.  Thus, to the extent that on remand the ALJ must reconsider the medical opinion evidence regarding repetitive movements, the ALJ must also reassess Plaintiff's allegations regarding the same.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reconsider Dr. Birchard's opinion and Plaintiff's testimony regarding Plaintiff's ability to perform repetitive movements, develop the record and redetermine plaintiff's RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 21st day of August, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge